IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUGO AMBRIZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-568-P |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a handwritten petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 by petitioner, Hugo Ambriz, a federal prisoner who is confined at FMC-Fort Worth. After considering the pleadings and relief sought by petitioner Ambriz, the Court concludes that the petition should be summarily dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

In May 2014 in the United States District Court for the Western District of Texas, El Paso division, Ambriz was found guilty of conspiracy to possess a controlled substance with intent to distribute, to wit: 5 kilograms of more of cocaine and 100 kilograms of more of marijuana. *See United States v. Ambriz*, No. 3:12-CR-1704-DCG(1) (W.D. Tex.), ECF No. 274. Ambriz was sentenced to a term of 120 months' imprisonment. *Id*. at 2. Ambriz's projected release date with good time credit is currently March 14, 2021. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, http://www.bop. gov (last

visited June 4, 2020). By way of this petition, Ambriz complains of the conditions of his confinement at FMC-Fort Worth in light of the COVID-19 pandemic. Pet. 1-9, ECF No. 1. Ambriz seeks both (1) compassionate release under 18 U.S.C. § 3582(c)(1)(A), and (2) release to home confinement for the duration of his sentence. Pet. 1-2, ECF No. 1. Ambriz also alleges the conditions of his confinement arise to cruel and unusual punishment under the Eight Amendment. *Id*. at 2.

**II. ANALYSIS**

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued upon Respondent.

As to Ambriz's constitutional challenge to the conditions of his confinement, in the Fifth Circuit, habeas relief is not available to review questions unrelated to the fact or duration of a prisoner's detention. *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Where a prisoner challenges the conditions of his confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

automatically result in his accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). Thus, to the extent Ambriz seeks to raise constitutional challenges to the conditions of his confinement, he must file a civil suit.

Additionally, Ambriz seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has found that a district court, other than the sentencing court, lacks jurisdiction to consider a § 3582(c) motion. *See Landazuri v. Hall*, 423 F. App'x 475, 2011 WL 1659572, at *1 (5th Cir. April 28, 2011) ("Because Landazuri did not file this [3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it"); *see also Clark v. Upton, Et Al.*, No. 4:19-cv-064-A (N.D. Tex. Feb. 22, 2019) ("Inasmuch as the court is to consider the factors set forth in 18 U.S.C. § 3552(a) in making a determination of the kind Clark seeks [compassionate release under § 3582(c)(1)(A)], the court finds that the sentencing court would be more appropriately suited to make the decision on Clark's motion"). Thus, to the extent Ambriz has incorporated a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), such motion will be dismissed without prejudice for lack of jurisdiction.[2]

Furthermore, with regard to Ambriz's alternative request to be released to home confinement, it is well settled that there is no constitutionally protected right to be confined

---

[2] Review of the docket of Ambriz's underlying criminal case number 3:12-CR-01704-DCG, shows that Ambriz recently filed a motion for compassionate release in that court, and the government was ordered to file a response. *United States v. Ambriz*, No. 3:12-CR-01704-DCG(1), ECF Nos. 345, 346. The Court takes judicial notice of the records of the Western District of Texas. *See* Fed R. Evid. 201(b)(2) and (c)(1).

in any particular place, including in-home confinement. *See Rublee v. Fleming,* 160 F.3d 213, 214 (5th Cir. 1998); *Zerby v. Keffer,* No. 4:10-CV-197, 2010 WL 3835235, at *2, (N.D. Tex. 2010)*, R. & R. adopted*, 2010 WL 3835148 (N.D. Tex. 2010). Absent a court's modification to a sentence under § 3582(c), the discretion to release a prisoner to home confinement lies solely with the Attorney General and the Bureau of Prisons (BOP) by delegation. *See United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the" BOP) (citing 18 U.S.C. § 3624(c), which provides that the BOP has authority to "place a prisoner in home confinement"). This Court has no authority to compel the BOP to do so.

This is true even under the provisions of the recently enacted Coronavirus Aid, Relief, and Economic Security (or "CARES") Act, Pub. L. No. 116-136, enacted on March 27, 2020, and the memoranda of the attorney general to the BOP director, dated March 26 and April 3, 2020, as they do not provide the courts statutory authority to modify a defendant's place of incarceration. As another judge of this district recently concluded, "the CARES Act and the memorandums issued by the attorney general both instruct and expand the authority of the director of the BOP, not courts, to release 'the most vu[l]nerable inmates at the most affected facilities.'" *See United States v. Stigger*, No. 3:12-CR-054-L, Crim. Doc. 1129 at 3-4 (N.D. Tex. Apr. 13, 2020) (Lindsay, J.) (denying post-conviction motion for home confinement due to COVID-19 and finding that the BOP is in the best position to determine: (1) whether Defendant qualifies as one of the most vulnerable inmates based on [the

4

inmate's] current health; and (2) whether the facility where [the inmate] is currently confined is one of the "most affected facilities"). Other courts have recognized that because the decision to release to home confinement is reserved to the BOP, a district court has no jurisdiction to order home confinement under the CARES Act. *See United States v. Gentry*, Crim. No. 5:03-50033-05, 2020 WL 2131001, at *5 (W.D. La. May 5, 2020) (citing *United States v. Read-Forbes*, Crim. No. 12-20099, 2020 WL 1888856, at * 5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVD-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.") (other citations omitted)).

### III. CONCLUSION

For the reasons discussed, petitioner Hugo Ambriz's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** this **5th day** of **June, 2020.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE